UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

PAUL ARTHUR RIVARD,

                Plaintiff,                Case No. 1:14-cv-1131

v.                                                    Honorable Paul L. Maloney

RICHARD A. HANDLON
CORRECTIONAL FACILITY et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Richard A. Handlon Correctional Facility, Chapman, Pline and Gonzales. The Court will serve the complaint against Defendant Smith.

**Discussion**

      I.        Factual allegations

Plaintiff Paul Arthur Rivard presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility, although the actions about which he complains occurred while he was housed at the Richard A. Handlon Correctional Facility (MTU). He sues MTU and MTU correctional officers (unknown) Pline, (unknown) Chapman, (unknown) Smith, and (unknown) Gonzales.

Plaintiff alleges that, on October 5, 2012 at 12:25 p.m., he was called to the officers' desk at MTU. At the desk, Plaintiff put down his coffee cup. Defendant Chapman then ordered Plaintiff to put his hands behind his back. Plaintiff walked away from Chapman and went up the steps to the second floor gallery, where Defendant Pline threatened to shoot him with a tazer. Plaintiff again walked away, going down the steps and outside. He took a drink of his coffee and walked away from Defendant Pline. At that point, he was tripped by Defendant Smith. Smith jumped on Plaintiff's back and broke his left arm, leaving the bone sticking out of the skin. Plaintiff was then brutally kicked in the ribs, and his arm was grabbed and pulled, right at the break. Plaintiff claims Defendants used excessive force, ostensibly in violation of the Fourth Amendment.

Plaintiff claims that he underwent six hours of surgery to repair the compound fracture of his arm. For relief, Plaintiff seeks monetary damages, together with an injunction requiring MDOC officers to be trained to deal with mentally ill prisoners. He also seeks the suspension or dismissal of Defendants Pline, Chapman, Smith and Gonzales.

II.     Immunity

Plaintiff names MTU as a Defendant in this action.  MTU is an administrative unit of the MDOC.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC and its subdivisions are absolutely immune from suit under the Eleventh Amendment.  *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000).  In addition, the State of Michigan (acting through the Michigan Department of Corrections and MTU) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the Court dismisses Defendant MTU from this action.

III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Gonzales

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Plaintiff fails even to mention Defendant Gonzales in the body of his complaint. His allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). As a consequence, the Court will dismiss Plaintiff's complaint against Defendant Gonzales.

### B. Eighth Amendment

Plaintiff contends that Defendants violated his right to be free from excessive force under the Fourth Amendment. As a prisoner, however, Plaintiff's rights are governed by the Eighth, not the Fourth, Amendment. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim must be analyzed under the Supreme Court authority limiting the use of force against prisoners. Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312 (1986), should be applied. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 559 U.S. at 37; *Cordell v. McKenney*, 759 F.3d 573, 580-81 (6th Cir. 2014). In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the

responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010).

Plaintiff fails to allege an Eighth Amendment claim against Defendants Chapman or Pline. Plaintiff's sole allegation against Defendant Chapman is that Chapman ordered Plaintiff to put his hands behind his back, an order Plaintiff ignored. That allegation does not support a conclusion that Defendant Chapman used any force against Plaintiff, much less constitutionally excessive force.

Similarly, Plaintiff alleges only that Defendant Pline threatened him with a taser, apparently to ensure that Plaintiff complied with his orders. Plaintiff again merely walked away from Officer Pline. Under the facts alleged by Plaintiff – that he walked away from officers who had ordered him to submit himself to restraints – the threat to use a taser to ensure compliance was entirely reasonable. Ordinarily, a verbal threat is not actionable as excessive force. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 599 (6th Cir. 2012). Plaintiff does not allege that Defendant Pline actually used the force he threatened or used any other force.

In sum, Plaintiff fails to state an excessive-force claim against Defendants Chapman and Pline. However, the Court concludes that Plaintiff has alleged sufficient facts to state an excessive-force claim against Defendant Smith. The Court therefore will dismiss Defendants Chapman and Pline, but will order service of the complaint on Defendant Smith.

### C. Motion for Medical Records

Plaintiff also has filed a motion for an order directing Defendants to provide him his medical records. Plaintiff's motion seeking discovery is improperly filed. Requests for production of documents, interrogatories and other discovery materials "shall not be filed with the Court." W.D. MICH. LCIVR 5.3(a). Moreover, to the extent wishes to direct discovery to Defendants, his request is premature. After service has been accomplished on Defendant Smith, the case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case. Plaintiff's motion seeking his medical records (docket #4) therefore will be denied.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MTU, Chapman, Pline and Gonzales will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Smith. Plaintiff's motion seeking his medical records will be denied without prejudice.

An Order consistent with this Opinion will be entered.


Dated:     December 3, 2014              /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         Chief United States District Judge